BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JAN -5 1973

IN RE NISSAN MOTOR CORPORATION  )
ANTITRUST LITIGATION            )   DOCKET NO. 120

OPINION AND ORDER

BEFORE ALFRED P. MURRAH*, CHAIRMAN, AND JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

The Nissan Motor Corporation, distributor of Datsun automobiles and parts in the United States, moves for the transfer of two antitrust treble damage actions against it to the Central District of California. The plaintiffs, whose actions were filed in the Southern District of New York and the Southern District of Florida, expressed no strong opposition to transfer but suggested that one of those districts be selected as the transferee forum. After reading the briefs submitted by the parties and hearing oral argument, we order the action pending in the Southern District of New York transferred to the Southern District of Florida for coordinated or consolidated pre-trial proceedings, pursuant to 28 U.S.C. §1407, with the action pending there.

---

* Judge Alfred P. Murrah was unable to attend the hearing but has, with the consent of all parties, participated in this decision.

The United States filed an action for injunctive relief under the antitrust laws against Nissan in the Northern District of California in June 1972. That action alleged a conspiracy between Nissan and its dealers throughout the United States to fix prices and to restrict territories and customer selection in the sale of Datsun automobiles. Shortly thereafter the first treble damage class action was filed by plaintiff P.D.Q., Inc. in the Southern District of Florida on behalf of all Datsun purchasers, except dealers, in the United States. Several days later the second treble damage class action was filed by plaintiff Scharf in the Southern District of New York on behalf of all purchasers and consumers of Datsun vehicles. Both actions contain allegations of a nationwide conspiracy by the defendants which are substantially identical to the allegations in the United States' action.

Plaintiff P.D.Q. suggests that these two actions come within the rationale of our decision in In re Scotch Whiskey Antitrust Litigation, 299 F. Supp. 543 (J.P.M.L. 1969), denying transfer of two treble damage actions because of the minimal number of cases and relative simplicity of the common factual questions. We believe that the greater complexity of factual issues presented here and the presence of competing requests for class designation distinguish this litigation from the Scotch Whiskey cases and make transfer necessary for the convenience of the parties and

witnesses and the just and efficient conduct of the litigation. In re Refrigerant Gas Antitrust Litigation, 334 F. Supp. 996 (J.P.M.L. 1971); In re CBS Licensing Antitrust Litigation, 328 F. Supp. 511 (J.P.M.L. 1971).

We reject Nissan's argument for selection of the Central District of California as the transferee district. It appears that little, if any, discovery has been had in the action brought by the United States in the Northern District of California and counsel for Nissan indicated at the hearing that a consent decree was likely in that action in the near future. And although Los Angeles is Nissan's corporate headquarters and some of its documents are located there, no document depository has been established there and relevant documents are also located in the various regional headquarters of Nissan throughout the United States. It is more logical to send the New York case to the Southern District of Florida. Pretrial proceedings are further advanced there and the New York case can be integrated into those proceedings, resulting in the expeditious development of both cases without duplication of effort.

IT IS THEREFORE ORDERED that the action listed on the attached Schedule A, pending in the Southern District of New York, be, and the same hereby is, transferred to the Southern District of Florida and with the consent of

- 4 -

that court assigned to the Honorable C. Clyde Atkins for coordinated or consolidated pretrial proceedings, pursuant to 28 U.S.C. §1407 with the action pending there and listed on Schedule A.

**SCHEDULE A**                                                                  DOCKET NO. 120

## SOUTHERN DISTRICT OF FLORIDA

P.D.Q., Inc. of Miami v.                           Civil Action No.
Nissan Motor Corp.                                 72-1159-Civ-CA

## SOUTHERN DISTRICT OF NEW YORK

Arthur Scharf, etc. v.                             Civil Action No.
Nissan Motor Corp.                                 72 Civ. 3096